IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID VELEZ, | ) | CIVIL NO. 10-00468 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| vs. | ) | DISMISS COMPLAINT |
| | ) | |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC., SERIES 2007-BC1; COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA; and DOES 1 through 20 inclusive, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT

### I. INTRODUCTION

On August 13, 2010, Plaintiff filed this action alleging claims against Defendants Bank of New York Mellon FKA the Bank of New York as Trustee for the Certificate Holders CWABs, Inc., Series 2007-BC1 ("BONY"), Countrywide Home Loans, Inc. ("Countrywide"), and Bank of America ("BOA") (collectively, "Defendants") for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and various state law claims stemming from a mortgage

transaction concerning real property located at 47-367 Velez Road, Honokaa, Hawaii 96727 (the "subject property").

The parties have stipulated to dismissal of Plaintiff's claims against BOA and Countrywide, and currently before the court is remaining Defendant BONY's Motion to Dismiss the Complaint,[1] in which BONY argues that the Complaint fails to state a cognizable claim. Based on the following, the court GRANTS BONY's Motion to Dismiss.

## II. BACKGROUND

### A. Factual Background

As alleged in the Complaint, on October 4, 2006, Plaintiff entered into a mortgage loan transaction regarding the subject property. Compl. ¶¶ 14-15. Although the Complaint asserts that Plaintiff entered into this transaction with "BONY, BOA and/or DOE Defendants," the mortgage indicates that Quick Loan Funding was the lender, and that the subject property was Plaintiff's "second home." See Defs.' Ex. B at 3 and 22 of 26.[2] The Complaint alleges that

---

[1] This Motion was originally filed by all Defendants, but due to the dismissal of BOA and Countrywide, the court refers to this Motion as presented by BONY.

[2] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of Defendants' Exhibits B through D, which are public records, specifically, the mortgage between Plaintiff and Quick Loans Funding, a Mortgagee's Quitclaim Deed, and a Mortgagee's Affidavit of Foreclosure Under Power of Sale. Plaintiff had previously attached Defendants' Exhibit B, the mortgage, to an earlier complaint he filed in Civil No. 09-00585 DAE-BMK, and the other

(continued...)

Defendants committed various misdeeds during consummation of this loan, including, among other things: (1) easing underwriting criteria and disregarding the minimal underwriting criteria they normally required; (2) providing Plaintiff copies of the final truth in lending statement, good faith estimate, and uniform settlement statement that were not signed or dated by Plaintiff; and (3) failing to provide Plaintiff various documents, including signed and dated copies of the Notice of Right to Cancel, an initial loan application, an initial adjustable rate mortgage disclosure, a transfer of servicing disclosure, a statement of how Plantiff's personal information is being used in the loan application process, a privacy disclosure, an appraisal, or a disclosure statement informing Plaintiff of his right to a credit report and credit protection information. Compl. ¶¶ 17, 19-29.

On May 28, 2010, the subject property was sold at a foreclosure auction, and BONY now owns the subject property. *See* Defs.' Exs. C, D.

///

///

///

---

[2](...continued)
Exhibits were both recorded in the State of Hawaii Bureau of Conveyances. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (providing that a court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss") (quotations omitted).

## B. Procedural Background

This is the second action Plaintiff has filed alleging claims against Defendants based on the mortgage loan transaction for the subject property. On December 11, 2009, Plaintiff filed his first action against Defendants in Civil No. 09-00585 DAE-BMK. After BOA and Countrywide filed a Motion to Dismiss or in the Alternative, for a More Definite Statement, on April 19, 2010 Plaintiff filed a Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

On August 13, 2010, Plaintiff filed his Complaint in this action, alleging claims against Defendants titled (1) Truth in Lending Act Violations: Loan Rescission and Recoupment (Count I); (2) Truth in Lending Act Violations: Loan Damages (Count II); (3) Real Estate Settlement Procedures Act "RESPA" Violations (Count III); (4) Unfair or Deceptive Trade Practices (Count IV); (5) Fraud (Count V); (6) Civil Conspiracy (Count VI); (7) Aiding and Abetting (Count VII); (8) Injunctive Relief - Lack of Standing (Count VIII); (9) Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable (Count IX); (10) Wrongful Conversion of Note -- Mortgagor Never Consented to Securitization (Count X); and (11) Fraudulent Concealment -- Tolling of Statute (Count XI).

On November 22, 2010, Defendants filed their Motion to Dismiss. On January 3, 2011, Plaintiff filed an Opposition, and Defendants filed a Reply on January 10, 2011. A hearing was held on January 24, 2011. At the hearing, Plaintiff's counsel conceded that Countrywide and BOA should be dismissed from this action. Plaintiff's counsel further asserted that the only claims he was asserting against BONY were Counts IX and X. After the court questioned the legal basis of Counts IX and X, Plaintiff was granted leave to file a supplemental brief explaining the basis of these claims by January 31, 2011. Plaintiff filed his Supplemental Opposition on January 31, 2011. On February 3, 2011, the parties filed a stipulation dismissing with prejudice all of Plaintiff's claims against BOA and Countrywide. On February 7, 2011, BONY submitted its Supplemental Reply

### III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must

5

accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

## IV. **DISCUSSION**

Defendants originally sought dismissal of all eleven Counts of the Complaint for failure to state a claim upon which relief can be granted. In his Opposition, Plaintiff concedes that Counts I-III and XI should be dismissed without leave to amend and that Count VIII is now moot. Further, at the hearing, Plaintiff's counsel conceded that (1) Countrywide and BOA should be dismissed from this action, (2) Plaintiff's claim pursuant to Hawaii Revised Statutes ("HRS") Ch. 480 does not stand against BONY because BONY is only an assignee of the mortgage note, and (3) all of Plaintiff's remaining claims except for Counts IX and X should be dismissed. The court therefore limits its analysis to Counts IX and X

of the Complaint as they relate to BONY.

A.  **Improper Restrictions Resulting From Securitization Leaves Note and Mortgage Unenforceable (Count IX)**

While not entirely clear, Count IX appears to allege that (1) the mortgage is a security agreement and may not be modified by one party without written consent of the other; and (2) BONY unilaterally changed the terms of Plaintiff's mortgage when the mortgage was placed under a servicing and pooling agreement, which restricts the ability of parties to change the terms of the mortgage note. Compl. ¶¶ 97-101. Because Plaintiff did not consent to these changes, Count IX asserts that the mortgage and note are unenforceable. *Id.* ¶ 102.

The legal basis of this claim is not clear, and at the hearing, Plaintiff's counsel was unable to explain the basis of this claim, instead asking to submit supplemental briefing. Plaintiff's Supplemental Opposition -- like his argument during the January 24, 2011 hearing -- sheds little light on this claim. Plaintiff reiterates the same vague assertions in the Complaint and provides no actual legal support for why securitization of a mortgage loan gives rise to a cognizable cause of action.[3] *See* Pl.'s Supp. Opp'n 2-3.

To the extent Plaintiff is attempting to assert that the parties agreed

---

[3] The only case that Plaintiff cites in support of this claim is *Lawyers Title Ins. Co. v. Novastar Mortg., Inc.*, 862 So. 2d 793 (Fla. App. 2003), which does not address securitization.

7

that the mortgage and/or note would not be securitized and BONY breached this provision, Plaintiff has failed to allege even the basic elements of a breach of contract claim, much less factual allegations to support this claim. *See Iqbal*, 129 S.Ct. at 1949 (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). The Complaint fails to identify (1) the contract at issue; (2) the parties to the contract; (3) whether Plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by BONY; (5) when and how BONY allegedly breached the contract; or (6) how Plaintiff was injured. *See Otani v. State Farm Fire & Cas. Co.*, 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions, [ ] the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient."). Further, given that the mortgage expressly states that the mortgage note "can be sold one or more times without prior notice to Borrower," BONY Ex. B at 12 ¶ 20, it does not appear that securitization breached any particular provision of the mortgage.

The court also rejects Plaintiff's contention that securitization in general somehow gives rise to a cause of action -- Plaintiff points to no law or

provision in the mortgage preventing this practice, and otherwise cites to no law supporting that securitization can be the basis of a cause of action. Indeed, courts have uniformly rejected that securitization of a mortgage loan provides the mortgagor a cause of action. *See Joyner v. Bank of Am. Home Loans*, 2010 WL 2953969, at *2 (D. Nev. July 26, 2010) (rejecting breach of contract claim based on securitization of loan); *Haskins v. Moynihan,* 2010 WL 2691562, at *2 (D. Ariz. July 6, 2010) (rejecting claims based on securitization because Plaintiffs could point to no law indicating that securitization of a mortgage is unlawful, and "Plaintiffs fail to set forth facts suggesting that Defendants ever indicated that they would not bundle or sell the note in conjunction with the sale of mortgage-backed securities"); *Lariviere v. Bank of N.Y. as Tr.*, 2010 WL 2399583, at *4 (D. Me. May 7, 2010) ("Many people in this country are dissatisfied and upset by [the securitization] process, but it does not mean that the Larivieres have stated legally cognizable claims against these defendants in their amended complaint."); *Upperman v. Deutsche Bank Nat. Trust Co.*, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010) (rejecting claims because they are based on an "erroneous legal theory that the securitization of a mortgage loan renders a note and corresponding security interest unenforceable and unsecured"); *Silvas v. GMAC Mortg*., LLC, 2009 WL 4573234, at *5 (D. Ariz. Dec. 1, 2009) (rejecting a claim that a lending

institution breached a loan agreement by securitizing and cross-collateralizing a borrower's loan).

The court therefore GRANTS BONY's Motion to Dismiss as to Count IX of the Complaint.

B.  **Wrongful Conversion of Note -- Mortgagor Never Consented to Securitization (Count X)**

Count X asserts that Defendants needed Plaintiff's consent to securitize the mortgage and that its securitization "is a conversion of the Mortgage rendering it null, void and unenforceable." Compl. ¶ 105. The Complaint explains that the securitization "divides those who are at a financial risk of loss (the investors or certificate holders) from a default upon the Mortgage from those who control and have decision-making authority over the Mortgage" such that "the original Note has been altered resulting in a change to the Mortgage" without consent. *Id.* ¶¶ 107-08. As a result, the Complaint asserts that the "Mortgage cannot be foreclosed upon as a separate interest in the property to be foreclosed apart from and independent of the Note." *Id.* ¶ 109.

Again, even after giving Plaintiff the opportunity to provide supplemental briefing, the court struggles to discern the basis of the claim. Despite using the term "conversion," this claim, similar to the previous claim, appears to allege a breach of contract due to Defendants' modification of the mortgage

through securitization. Indeed, Plaintiff's Supplemental Opposition cites to several cases for the general proposition that a party may not modify a contract without mutual assent. Pl.'s Suppl. Opp'n at 3-4.

As explained above, however, Plaintiff has failed to assert a breach of contract claim and has otherwise failed to explain how he can assert a viable claim based on the securitization of the mortgage loan. Further, securitization and/or transfer of the mortgage and note does not modify the terms of the agreement -- the mortgage expressly provides that it can be sold without notice, and the transferee simply obtained the same rights that the transferor had under the mortgage. *See* HRS § 490:3-203(b) ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument . . . .").

The court therefore GRANTS BONY's Motion to Dismiss Count X.

## C. Leave to Amend

BONY argues that the court should dismiss the Complaint with prejudice because this is Plaintiff's second action asserting these claims, and Plaintiff failed to explain how his claims are viable and/or could be amended to state a viable claim in his Opposition, at the hearing, or in his Supplemental Opposition.

The court recognizes that Plaintiff's litigation tactics to date have caused Defendants to engage in lengthy motions practice, where in response Plaintiff has either dismissed the action (as in Civil No. 09-00595 DAE-BMK), or conceded that several claims lack merit (as in this action). The court also agrees that Plaintiff's Opposition failed to address BONY's arguments in any meaningful manner, instead arguing in wholly conclusory fashion that "when liberally read and liberally construed, Counts 4-7 and 9-10 state a cause of action against Defendants that are at a minimum sufficiently pled, and if not, can be adequately pled by the submission of a more definite statement directed toward the appropriate parties in the form of an amended complaint." Pl.'s Opp'n 5. Defendants were forced to respond to Plaintiff's arguments in their Reply, and at the hearing, Plaintiff's counsel conceded that all of his claims should be dismissed except Counts IX and X against BONY.

As to Counts IX and X -- the only claims remaining in this action -- Plaintiff was afforded multiple opportunities to explain the legal basis of these claims and how he could state a viable claim based on the law. Plaintiff failed to do so. In light of these multiple opportunities, the court finds that granting Plaintiff leave to amend these claims would be futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court, however,

does not abuse its discretion in denying leave to amend where amendment would be futile."); *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996) (affirming the district court's denial of leave to amend "[b]ecause the proposed claim would be redundant and futile").

Plaintiff does, however, seek leave to amend the Complaint to allege a HRS § 480-2 claim against the original lender, Quick Loans Funding. This action does not present a case where it was not until Defendants filed their Motion to Dismiss that Plaintiff suddenly realized that Quick Loans Funding was a potential Defendant. Indeed, Plaintiff's mortgage -- which he attached as an exhibit to the first action he filed on December 11, 2009 -- plainly lists Quick Loans Funding as the lender. Under these circumstances, it is inexplicable why Plaintiff failed to allege any claims against Quick Loan Funds and has not sought to amend his Complaint until faced with dismissal. Further, Plaintiff did not file a proper motion seeking leave to file an amended complaint against a new party, and has not complied with the Local Rules requiring Plaintiff -- with his motion -- to "reproduce the entire pleading as amended." Local Rule 10.3. Without a proposed amended complaint, the court cannot evaluate the propriety of amendment.

Given these failures on Plaintiff's part, the court rejects Plaintiff's request for leave to file an amended complaint, and dismisses this action without

leave to amend.  This dismissal does not, however, prevent Plaintiff from filing a new action naming Quick Loans Funding as a defendant.

## V.  CONCLUSION

Based on the above, the court GRANTS Defendants' Motion to Dismiss.  The Clerk of Court is directed to close this case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 14, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Velez v. The Bank of N.Y. Mellon FKA the Bank of N.Y. as Tr. for the Certificate Holders CWABS, Inc., Asset-Backed Certificates, Series 2007-BC-1, et al.*, Civ. No. 10-00468 JMS/KSC, Order Granting Defendants' Motion to Dismiss